IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 7:22-cv-03529

JANET HELFRICH, individually, and
on behalf of others similarly situated,

    Plaintiff,

vs.

RAVEN3 HOME BUYERS LLC,
a New York company,

    Defendant.

_____/

## **DEFENDANT RAVEN3 HOME BUYERS LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT WITH PREJUDICE**

Defendant RAVEN3 HOME BUYERS LLC ("RAVEN3"), pursuant to the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff JANET HELFRICH's ("HELFRICH" or "Plaintiff") Class Action Complaint (DE 1) with prejudice and states as follows:

### **Introduction**

The Defendant, RAVEN3, respectfully requests this Court dismiss with prejudice Plaintiff's claims for alleged violations of 47 U.S.C. § 227 of the Telephone Consumer Protection Act of 1991 ("TCPA") for failure to state a cause of action pursuant to Federal Rule of Civil Procedure (hereinafter "Rule") 12(b)(6)/12(c).

Generally, Plaintiff contends that she in entitled to actual and/or statutory damages due to the alleged violations of the TCPA. Plaintiff alleges that the Defendant would leave pre-recorded voice messages on Plaintiff's cellular telephone providing offers to buy her home. See ***DE 1, Page 9, Paragraphs 22 through 27***.

The Defendant respectfully requests that this Court dismiss Plaintiff's complaint with prejudice because Plaintiff has failed to state a cause of action in that the pre-recorded voice messages do not constitute advertisements or telemarketing within the meaning of the TCPA's implementing regulations. Accordingly, Plaintiff's claims against RAVEN3 must be dismissed with prejudice.

## Plaintiff's Complaint

Plaintiff's complaint alleges that Defendant violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), by initiating telephone calls to Plaintiff's telephone using a pre-recorded voice to deliver messages without having the consent of Plaintiff to make such calls. See **DE 1, Page 12, Paragraphs 38 through 39**.

## Standard of Review

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

A district court should grant a Rule 12 dispositive motion if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (articulating the Rule 12(b)(6) standard of review).

In passing upon a motion to dismiss, the court must view the allegations in the light most favorable to the plaintiff. *See Scheur v. Rhodes*, 416 U.S. 232, 236 (1974).

In deciding a Rule 12 motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir. 1999) (internal quotations omitted); *Allen v.*

*WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991); *Newman v. Holder,* 101 F.Supp.2d 103, 105 (E.D.N.Y. 2000); *Leibovitz v. City of New York*, No. 14-CV-7106(KAM)(LB), 2018 WL 1157872, at *6 (E.D.N.Y. Mar. 2, 2018), *appeal dismissed* (May 8, 2018).

The standard of review on a Rule 12(b)(6) motion requires the court to accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 Fed.Appx. 32, 34 (2d Cir. 2014).

However, legal conclusions are not assumed to be true, and "[t]he complaint must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Harris*, 186 F.3d at 247 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). While courts must accept all precisely worded factual allegations as true, legal conclusions or unsupported inferences or assumptions in a complaint need not be accepted in the context of deciding a Rule 12 motion. *See Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Harris*, 186 F.3d at 247. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

Rule 12(c) provides "after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A Rule 12(c) motion to dismiss is judged by the same standards applicable to a Rule 12(b)(6) motion to dismiss. *See Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998).

A Rule 12 motion need not be converted to one for summary judgment if the party does not rely on the extrinsic material outside the complaint in support of the request for judgment on the pleadings. The Court need only convert and consider materials outside the initial pleadings under Rule 56 if the claims survive Rule 12 scrutiny. *See Spear v. City of Buffalo*, 11CV-00012A F, 2014 WL 1053987, at *6-7 (W.D.N.Y. Mar. 18, 2014), adopted, 11-CV-00012A F, 2014 WL 1347759 (W.D.N.Y. Apr. 4, 2014).

**Argument**

Applying these settled standards of review and applicable Federal Rules of Civil Procedure, the Defendant respectfully submits that its Motion to Dismiss with prejudice the claims contained within the Plaintiff's complaint should be granted.

Plaintiff's allegations fail to state a cause of action against RAVEN3, and the claims for actual damages, statutory damages, injunction, costs, and all others must be dismissed with prejudice.

Plaintiff alleges that RAVEN3 violated 47 U.S.C. § 227(b)(1)(A)(iii), a provision of the TCPA that prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using… an artificial or prerecorded voice . . . to any . . . cellular telephone service, . . . or any service for which the called

party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

The TCPA authorizes the Federal Communications Commission to promulgate regulations to implement the TCPA's requirements. *See* 47 U.S.C. §227(b)(2). With respect to 47 U.S.C. § 227(b)(1)(A)(iii) specifically—the subsection of the TCPA that RAVEN3 allegedly violated—such implementing regulations can "exempt . . . calls to a telephone number assigned to a cellular telephone service that are not charged to the calling party, subject to such conditions as the Commission may prescribe as necessary in the interest of . . . privacy rights " *See* 47 U.S.C. § 227(b)(2)(C).

The implementing regulations, in turn and in relevant part, provide that, "[e]xcept as provided in [47 C.F.R. § 64.1200(a)(2)]," no person shall "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using… an artificial or prerecorded voice . . . [t]o any telephone number assigned to a . . . cellular telephone service…." *See* 47 C.F.R. § 64.1200(a)(1). And 47 C.F.R. § 64.1200(a)(2), for its part, provides that no person shall initiate or cause to initiate a "telephone call that includes or introduces an advertisement or constitutes telemarketing, using… an artificial or prerecorded voice," to a cellular telephone service, "other than a call made with the prior written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate'…."

When the statute and regulations are read together, the prohibited activity narrows, and the dispositive question is whether RAVEN3 initiated, or caused to be initiated, a call that "includes or introduces an advertisement or constitutes telemarketing." *See* 47 C.F.R. §

5

64.1200(a)(2). This is the conclusion of the Court in *Gerrard v. Acara Solutions, Inc.*, 18-cv-1041, 2020 WL 3525949 (W.D.N.Y. June 30, 2020), a case very similar in facts to this one.

In analyzing whether RAVEN3's calls constitute an advertisement or telemarketing under 47 C.F.R. § 64.1200(a)(2), the Court should examine the definition of each as set forth in the TCPA's implementing regulations. The regulations define an advertisement as "any material advertising the commercial availability or quality of any property, goods, or services." *See* 47 C.F.R. § 64.1200(f)(1). And "telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *See* 47 C.F.R. § 64.1200(f)(13).

Accepting Plaintiff's allegations as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), this Court will should conclude that none of the calls identified in the Complaint constitutes an advertisement or telemarketing within the meaning of the TCPA's implementing regulations.

The calls and messages described in the Complaint seek to gauge whether the Plaintiff was interested in selling her home to Defendant. Nothing more. Such calls did not "advertis[e] the commercial availability or quality of any property, goods, or services." *See* 47 C.F.R. § 64.1200(f)(1). Nor do they "encourag[e] the purchase or rental of, or investment in," any "property, goods, or services." *See* 47 C.F.R. § 64.1200(f)(12). At most, the calls encouraged the selling of property, goods, or services. Thus, the calls are neither advertisements nor telemarketing as those terms are defined in the TCPA's implementing regulations.

Because the calls and messages identified in the Complaint are neither advertisements nor telemarketing, Plaintiff fails to state a claim under the TCPA. And re-pleading would be futile. "The problem with [Plaintiff's TCPA claim] is substantive; better pleading will not cure it." *See*

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). RAVEN3's motion to dismiss should be granted, and Plaintiff's Complaint should be dismissed with prejudice.

## Conclusion

Defendant RAVEN3 respectfully requests that this Court grant its motion seeking dismissal with prejudice of Plaintiff's complaint for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6)/12(c), award costs in defending this action, and for such other and further relief that this Court deems just and proper.

Dated: October 28, 2022

Respectfully submitted by:

*/s/ James A. Peterson*
James A. Peterson, Esq.*
Florida Bar No. 645621
E-Mail: James@PetersonLegal.com
**PETERSON LEGAL P.A.**
401 East Las Olas Boulevard
Suite 130-550
Fort Lauderdale, Florida 33301
Telephone: (754) 444-8076
*Admitted Pro Hac Vice

And

Anthony W. Vaughn, Esq.
E-Mail: Anthony@avaughnlaw.com
**THE LAW OFFICE OF ANTHONY W. VAUGHN, JR. LLC**
1200 US Highway 22 East
Suite 2000
Bridgewater, New Jersey 008807
Telephone: (908) 300-5455

*Counsel for Defendant*

## Certificate of Service

    I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on October 28, 2022 on all counsel or parties of record appearing on the Service List below.

                                        By:    s/*James A. Peterson*
                                                    James A. Peterson, Esq.

### Service List
CASE No.: 7:22-cv-03529

Stefan Coleman, Esq.
E-mail: law@stefancoleman.com
**LAW OFFICES OF STEFAN COLEMAN**
11 Broadway
Suite 615
New York, New York 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

and

Avi R. Kaufman, Esq.
E-Mail: kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway
Floor 4
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Counsel for Defendant*
Method of Service: CM/ECF