IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JANET HELFRICH**, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>**RAVEN3 HOME BUYERS LLC,**<br><br>    *Defendant.* | Case No. 7:22-cv-03529 |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

The Court should deny Raven3's motion to dismiss because the sole argument Raven3 makes is based on a misstatement of the law from a single, wrongly-decided district court case overruling a Magistrate Judge's report and recommendation. *See Gerrard v. Acara Sols. Inc.*, No. 18-CV-1041V(F), 2019 U.S. Dist. LEXIS 108038, at *15 (W.D.N.Y. June 27, 2019) (report and recommendation) ("the regulation correctly read and understood … does not exempt from potential TCPA liability calls which do not constitute advertising or telemarketing").

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or pre-recorded voice…to any telephone number assigned to a…cellular telephone service." *See* 47 U.S.C. § 227 (b)(1)(A)(iii). Here, Plaintiff Helfrich alleges that she received multiple prerecorded voicemails to her cellular telephone from Raven3 without consent. Complaint (ECF 1) at ¶¶ 22-27. Nothing more is therefore required for Plaintiff to state a claim.

Plaintiff is not required to establish that Defendant's prerecorded voice calls were telemarketing to prevail on her claim. There is no exemption for non-telemarketing calls in the

1

plain text of the statute. 47 U.S.C. § 227 (b)(1)(A)(iii). There is likewise no exemption for non-telemarketing calls in the TCPA's implementing regulations.

47 C.F.R. § 64.1200(a)(1)(iii) restates the TCPA's prohibition of any prerecorded call to a cellular telephone number, "other than a call made for emergency purposes or is made with the prior express consent of the called party," regardless of content, "[e]xcept as provided in paragraph (a)(2)".

Paragraph (a)(2), in turn, identifies a single category of calls, based on content, that are treated differently: any "telemarketing" or "advertising" call, "other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a 'health care' message". Paragraph (a)(2) does not purport to exempt from the lesser consent requirement in paragraph (a)(1)(iii)—prior express consent as opposed to prior express written consent—for non-telemarketing calls or for telemarketing calls by tax-exempt nonprofit organizations or that deliver a healthcare message.

Consistent with that, the TCPA does not authorize any FCC regulations exempting non-telemarketing calls from the prohibition against prerecorded calls to cellular telephone numbers expressly stated in 47 U.S.C. 227(b)(1)(A)(iii)

> [T]he only FCC regulations authorized by the TCPA to "exempt" certain non-commercial calls from the TCPA are limited to calls made to a "residential telephone line using prerecorded voice to deliver messages prohibited by § 227(b)(1)(B)." 47 U.S.C. § 227(b)(2)(B) (authorizing FCC regulations to exempt from "paragraph (1)(B) of this subsection" non-commercial calls or commercial calls that the FCC finds "will not adversely affect the privacy rights that this section [§ 227] is intended to protect" and does "not include the transmission of any unsolicited advertisement.") § 227(b)(2)(B)(i), (ii)(I), (II). The FCC has implemented this provision by promulgating 47 C.F.R. § 64.1200(a)(3) which exempts calls to a "residential line" using an

> artificial or prerecorded voice to deliver a message "without the prior express written consent of the called party," unless the call is not for a commercial purpose, or if for a commercial purpose, does not include any "advertisement or constitute telemarketing." ("§ 64.1200(a)(3)"). By definition, a "residential telephone line" is not a cellular telephone allegedly used by Plaintiff in this case and, as such, § 64.1200(a)(3) is irrelevant to the merits of Defendant's motion to dismiss. Thus, the potential exemptions for commercial phone calls including telemarketing or advertising, which could conceivably include job opportunity information such as those sent by Defendant, pertains solely to calls to residential telephone numbers, not to cell phones as alleged in this case …

*Gerrard*, 2019 U.S. Dist. LEXIS 108038, at *15-17. *See also Dolemba v. Kelly Servs., Inc.*, No. 16 C 4971, 2017 U.S. Dist. LEXIS 13508, at *3, n.2 (N.D. Ill. Jan. 31, 2017), which explains in detail why Defendant's argument that Plaintiff must allege that the calls were telemarketing is an "attempt… to obtain dismissal of the TCPA claim[s] based on a misstatement of the law."

As the Ninth Circuit recently explained, the purpose of the call is not relevant for a claim brought under 47 U.S.C. § 227(b)(1)(A)(iii):

> As for the Act itself, it does not prohibit making robocalls to cell phones only if the calls involve advertising or telemarketing. The applicable statutory provision prohibits in plain terms 'any call,' regardless of content, that is made to a cell phone using an automatic telephone dialing system or an artificial or pre-recorded voice, unless the call is made either for emergency purposes or with the prior express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii).

*Loyhayem v. Fraser Fin. & Ins. Servs.*, No. 20-56014, 2021 U.S. App. LEXIS 23660, at *4 (9th Cir. Aug. 10, 2021).

For a claim brought under 47 U.S.C. § 227(b)(1)(A)(iii), whether a call was telemarketing impacts only the manner in which a defendant must obtain consent to make the call. *Id*. at *6. Prerecorded voice telemarketing calls require prior express *written* consent; for non-telemarketing calls, oral consent is sufficient. *Id*. Either way, the distinction is irrelevant here, because Plaintiff

3

alleges that the Defendant's prerecorded voice calls were not for emergency purposes and that Defendant did not have Plaintiff's consent to contact her at the time of the calls. Complaint at ¶¶ 22-27; *Loyhayem*, 2021 U.S. App. LEXIS 23660, at *4 ("Loyhayem adequately alleged that the call he received was not made for emergency purposes … and that he did not expressly consent to receiving it. So, at least as far as the statute is concerned, Loyhayem has stated a valid claim for violation of the TCPA.").

Ultimately, Raven3's motion to dismiss is baseless, intended only to delay the action, and should be denied.

Dated: October 14, 2022
Respectfully submitted,

By: */s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 14, 2022, I served this document on all counsel of record via email.

*/s/ Avi R. Kaufman*
Avi R. Kaufman