IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 7:22-cv-03529

JANET HELFRICH, individually, and
on behalf of others similarly situated,

    Plaintiff,

vs.

RAVEN3 HOME BUYERS LLC,
a New York company,

    Defendant.
_____/

## **DEFENDANT RAVEN3 HOME BUYERS LLC'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT WITH PREJUDICE**

Defendant RAVEN3 HOME BUYERS LLC ("RAVEN3"), pursuant to the Federal Rules of Civil Procedure, hereby files its Reply to Plaintiff JANET HELFRICH's ("HELFRICH" or "Plaintiff") Response in Opposition (DE 19) to Defendant's Motion to Dismiss (DE 18) Plaintiff's Class Action Complaint (DE 1) with prejudice and states as follows:

The Defendant, RAVEN3, in its Motion to Dismiss, respectfully requested this Court dismiss with prejudice Plaintiff's claims for alleged violations of 47 U.S.C. § 227 of the Telephone Consumer Protection Act of 1991 ("TCPA") for failure to state a cause of action pursuant to Federal Rule of Civil Procedure (hereinafter "Rule") 12(b)(6)/12(c).

Plaintiff contends that she is entitled to damages due to alleged violations of the TCPA. Plaintiff alleges that the Defendant called and left pre-recorded voice messages on Plaintiff's cellular telephone providing offers to buy her home. *See* DE 1, Page 9, Paragraphs 22 through 27.

The Defendant respectfully requested that this Court dismiss Plaintiff's complaint with prejudice because Plaintiff has failed to state a cause of action in that the pre-recorded voice messages do not constitute advertisements or telemarketing within the meaning of the TCPA's implementing regulations. Accordingly, Plaintiff's claims against RAVEN3 must be dismissed with prejudice.

Plaintiff, in her response, cites to three cases, none of which are controlling on this Court. *See Gerrard v. Acara Sols. Inc.*, No. 18-CV-1041V(F), 2019 U.S. Dist. LEXIS 108038 (W.D.N.Y. June 27, 2019); *Dolemba v. Kelly Servs.*, No. 16 C 4971, 2017 U.S. Dist. LEXIS 13508 (N.D. Ill. Jan. 31, 2017); and *Loyhayem v. Fraser Fin. & Ins. Servs.*, 7 F.4th 1232 (9th Cir. 2021). As Plaintiff readily admits, the cited *Gerrard* opinion was a Magistrate Judge's report and recommendation that was subsequently overruled by the district court. *See Gerrard v. Acara Sols., Inc.*, 469 F. Supp. 3d 96 (W.D.N.Y. 2020).

Defendant's argument, that Plaintiff failed to state a cause of action because the prerecorded messages complained of do not constitute telemarketing, appears to be a case of first impression in the Southern District of New York. As such, Defendant once again refers this Court to the aforementioned *Gerrard v. Acara Sols., Inc.*, 469 F. Supp. 3d 96 (W.D.N.Y. 2020), a Western District of New York case, as instructive.

The facts in *Gerrard* are similar. The plaintiff alleged that she received over 240 text messages to her cellular phone regarding a job opening, in violation of 47 U.S.C. § 227(b)(1)(A)(iii), the same section that Plaintiff alleges here. *See* DE 1, Paragraph 40. The Honorable Judge John L. Sinatra, Jr. overruled the Magistrate's report and recommendation and stated that when the TCPA and its implementing regulations are "are read together, the prohibited activity narrows, and the dispositive question is whether [Defendant] initiated, or caused to be

2

initiated, a text message that 'includes or introduces an advertisement or constitutes telemarketing.'" *Id* at 99. The district court held that the job opening text messages "are neither advertisements nor telemarketing" and the plaintiff failed to state a claim under the TCPA. *Id*.

The emphasis on telemarketing in TCPA cases is clear. Plaintiff's own Complaint complains of telemarketing, claiming millions of Americans are called by telemarketers each day. *See* DE 1, Paragraphs 10 and 11. Here, Plaintiff received voice messages allegedly from Defendant offering to buy Plaintiff's house. *See* DE 1, Paragraphs 22 and 27. Such an offer does not constitute advertising or telemarketing under the relevant regulations. *See* 47 C.F.R. § 64.1200(f)(1) and (12).

Because the calls and messages identified in the Complaint are neither advertisements nor telemarketing, Plaintiff fails to state a claim under the TCPA. Defendant RAVEN3 respectfully requests that this Court grant its motion seeking dismissal with prejudice of Plaintiff's complaint for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6)/12(c), award costs in defending this action, and for such other and further relief that this Court deems just and proper.

Dated: October 28, 2022

        Respectfully submitted by:

        ***/s/ James A. Peterson***
        James A. Peterson, Esq.*
        Florida Bar No. 645621
        E-Mail: James@PetersonLegal.com
        **PETERSON LEGAL P.A.**
        401 East Las Olas Boulevard
        Suite 130-550
        Fort Lauderdale, Florida 33301
        Telephone: (754) 444-8076
        *Admitted Pro Hac Vice

        And

>Anthony W. Vaughn, Esq.
>E-Mail: Anthony@avaughnlaw.com
>**THE LAW OFFICE OF ANTHONY W. VAUGHN, JR. LLC**
>1200 US Highway 22 East
>Suite 2000
>Bridgewater, New Jersey 008807
>Telephone: (908) 300-5455
>
>*Counsel for Defendant*

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on October 28, 2022 on all counsel or parties of record appearing on the Service List below.

>By:   s/*James A. Peterson*
>      James A. Peterson, Esq.

### Service List
CASE No.: 7:22-cv-03529

Stefan Coleman, Esq.
E-mail: law@stefancoleman.com
**LAW OFFICES OF STEFAN COLEMAN**
11 Broadway
Suite 615
New York, New York 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

and

Avi R. Kaufman, Esq.
E-Mail: kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway
Floor 4
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Counsel for Defendant*
Method of Service: CM/ECF