UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET HELFRICH, individually and on behalf of all others similarly situated,

                      Plaintiff,

- against -

RAVEN3 HOME BUYERS LLC,

                      Defendant.

**OPINION AND ORDER**

22-CV-03529 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Janet Helfrich ("Plaintiff") commenced this putative class action against Raven3 Home Buyers LLC ("Defendant") on May 2, 2022. (Doc. 1, "Compl."). Plaintiff brings a single claim for relief alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and its implementing regulations, predicated upon Defendant allegedly making pre-recorded and other telemarketing calls to consumers without their consent. (*See generally*, *id.*).

      Defendant, pursuant to the briefing schedule set by the Court, purportedly served its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[1], and supporting memorandum of law, on September 23, 2022. (Doc. 18, "Def. Br."). Plaintiff served her opposition on October 14, 2022 (Doc. 19, "Pl. Br."), and the motion was fully submitted upon the filing of the motion, opposition, and Defendant's reply (Doc. 20, "Reply") on October 28, 2022.

      For the reasons set forth below, Defendant's motion to dismiss is DENIED.

---

[1] Defendant failed to file a notice of motion as is required by Fed. R. Civ. P. 7 and Rule 7.1(a)(1) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (effective October 15, 2021). That failure is, in and of itself, a reason to deny Defendant's motion. However, in the exercise of discretion the Court will consider the merits of Defendant's motion to dismiss.

## BACKGROUND

Plaintiff is an individual residing in Valley Cottage, New York. (Compl. ¶ 1). Plaintiff alleges that Defendant is a New York registered company that "provides real estate services to consumers." (*Id*. ¶¶ 2, 17). Plaintiff contends that Defendant "places telemarketing calls, cold call[s], including calls that use pre-recorded voice messages" to herself and others in order to generate sales and consumer leads for its real estate salespeople. (*Id*. ¶¶ 18, 20).

Specifically, Plaintiff alleges that Defendant placed calls with pre-recorded voice mails to her cell phone on multiple occasions without her consent. (*Id*. ¶ 19). Plaintiff states that the unwanted calls began in August 2021 and that she spoke to Defendant's salesperson, AJ, more than once to request that he stop calling her cell phone. (*Id*. ¶¶ 22-23). However, Defendant called Plaintiff's cell phone multiple times thereafter and left the same pre-recorded voicemail offering to buy Plaintiff's house. (*Id*. ¶¶ 24-27). The Complaint identifies a number of other individuals who have complained about receiving similar pre-recorded calls and cold calls from Defendant offering to buy their homes. (*Id*. ¶¶ 20-21).

Plaintiff alleges that Defendant's unauthorized calls harmed her in the form of annoyance, nuisance, invasion of privacy, disturbance of the use and enjoyment of her cell phone, wear and tear on her phone's hardware, and consumption of memory storage. (*Id*. ¶ 28). The instant lawsuit followed.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).[2] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## **ANALYSIS**

The TCPA provides, in pertinent part, that a person may not "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an . . . artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). The Federal Communications Commission ("FCC") is authorized to issue regulations to "implement the requirements" of the TCPA. *Id*. §

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

227(b)(2); *see also King v. Time Warner Cable Inc.*, 894 F.3d 473, 474 (2d Cir. 2018) ("The FCC has the authority to promulgate regulations implementing the TCPA.").

The parties dispute whether the relevant provision of the TCPA and its implementing regulations create an exemption to liability for non-telemarking and non-advertising calls. (Pl. Br. at 1-2; Def. Br. at 5-6). Defendant relies on *Gerrard v. Acara Sols. Inc.*, for the proposition that "when the statute and regulations are read together, the prohibited activity narrows, and the dispositive question is whether RAVEN3 initiated, or caused to be initiated, a call that 'includes or introduces an advertisement or constitutes telemarketing.'" 469 F. Supp. 3d 96, 99 (W.D.N.Y. 2020); (Def. Br. at 5). Plaintiff contends that *Gerrard* was incorrect and argues that no such exemption for non-telemarketing and non-advertising calls exists.[3] (Pl. Br. at 1-2). The Court need not reach the issue of whether the voice messages must include "advertisements" or constitute "telemarketing" to impose liability under the TCPA because Plaintiff has stated a valid claim for violation of the TCPA under either interpretation.

Assuming *arguendo* that Plaintiff's interpretation is correct that no exemption for non-advertising or non-telemarketing calls exists under 47 U.S.C. § 227(b)(1)(A)(iii), the Court finds Plaintiff's allegations sufficient to state a claim for violation of the TCPA. Plaintiff alleges that she received pre-recorded voice messages from Defendant to her cell phone. (Compl. ¶¶ 24-27). Plaintiff further alleges that she did not consent to receive these calls and that the calls persisted

---

[3] Plaintiff relies on Ninth Circuit precedent in arguing that the purpose of the call is not relevant for a claim brought under 47 U.S.C. § 227(b)(1)(A)(iii). (Pl. Br. at 3) (citing *Loyhayem v. Fraser Fin. & Ins. Servs., Inc.*, 7 F.4th 1232, 1234 (9th Cir. 2021) ("[The TCPA] does not prohibit making robocalls to cell phones only if the calls involve advertising or telemarketing. The applicable statutory provision prohibits in plain terms "any call," regardless of content, that is made to a cell phone using an automatic telephone dialing system or an artificial or pre-recorded voice, unless the call is made either for emergency purposes or with the prior express consent of the person being called.")).

after she asked Defendant to stop. (*Id*. ¶¶ 23-27). Accordingly, Defendant's motion to dismiss fails under Plaintiff's reading of the statute and implementing regulations.

The same result follows under Defendant's reading of the statute, imposing a requirement that the pre-recorded voice messages constitute advertisements or telemarketing within the meaning of the statute. (Reply at 2). The term "advertisement" is defined in the implementing regulations as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Defendant argues in its brief and without reference to the four corners of the Complaint that its calls and pre-recorded voice messages do not constitute advertisements under the statute because they did not advertise the commercial availability or quality of any property, goods, or services, but rather sought to "gauge whether the Plaintiff was interested in selling her home to Defendant. Nothing more." (Def. Br. at 6). Assuming without deciding that the Court can even consider this fact-based argument, which is untethered to the Complaint, the Court disagrees with the assertion.

Plaintiff alleges that Defendant provides "real estate *services* to consumers" and used the calls to generate sales and consumer leads for its salespeople. (Compl. ¶¶ 17-18) (emphasis added). Specifically, Defendant offers house-buying services to homeowners. Defendant refers to itself in its website as a "real estate company that buys houses" and a "house-buying business." (*See* Raven3 About Us Webpage).[4] Defendant's website further states that it "mak[es] the selling

---

[4] On a Rule 12(b)(6) motion, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *see also Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider. . . documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which plaintiff relied in bringing the suit."). Here, the Court may consider Defendant's webpage at https://raven3.com/about/ ("Raven3 About Us Webpage") because the webpage is cited in the Complaint and relied on by Plaintiff to allege that Defendant "provides real estate services to consumers." (Compl. ¶ 17 fn. 3).

5

process easy, giving each and every client great service, fair dealing and quick turnaround," "work[s] with . . . the seller . . . to find a solution that works," and "can eliminate the paperwork, time, and fees required to sell a house through a real estate agent." (*Id.*).

Defendant allegedly called Plaintiff and other homeowners without their consent and left pre-recorded voice messages offering to buy their homes. (Compl. ¶¶ 18-21). Defendant's argument that these calls and pre-recorded voice messages merely "encouraged the selling of property, goods, or services" is not persuasive given the nature of its business and is contrary to the allegations made in the Complaint. (Def. Br. at 6). Indeed, Defendant's website refers to sellers as "client[s]" and promotes itself as providing benefits to sellers such as elimination of paperwork, time, and fees required to sell a house through a real estate agent. (*See* Raven3 About Us Webpage).  Therefore, Plaintiff has plausibly pled that Defendant's calls and pre-recorded voice messages advertise the commercial availability of its house-buying service and constitute advertisements within the meaning of the TCPA. Defendant for its part has offered nothing, at this stage of the litigation, for the Court to conclude to the contrary.

Accordingly, under either parties' interpretation of the TCPA and its implementing regulations, Plaintiff plausibly stated a claim for violation of the TCPA. Defendant's motion to dismiss is denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is DENIED. Defendant is directed to file an answer to the Complaint within 14 days of the date of this Order. The Court will thereafter docket a Notice of Initial Conference.

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 18.

                                              **SO ORDERED:**

Dated: White Plains, New York
         September 13, 2023

                                        _____
                                        PHILIP M. HALPERN
                                        United States District Judge